1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TECHNOLOGY PROPERTIES LIMITED LLC, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>NINTENDO CO., LTD.,<br><br>Defendants. | 4:12-cv-3881-JSW<br><br>**ORDER RELATING CASES** |

On September 24, 2014, Judge White issued an order noting that Plaintiffs are litigating the same patents in nine cases pending in this district:

- *HTC Corp. v. Technology Properties Ltd.*, No. 08-CV-882 (PSG);
- *Technology Properties Ltd. v. Barnes & Noble, Inc.*, No. 12-CV-3863 (VC);
- *Technology Properties Ltd. v. Huawei Technologies Co., Ltd., et al.*, No. 12-CV-3865 (PJH);
- *Technology Properties Ltd. v. Garmin Ltd.*, No. 12-CV-3870 (EJD);
- *Technology Properties Ltd. v. ZTE Corp.*, No. 12-CV-3876 (BLF);
- *Technology Properties Ltd. v. Samsung Electronics Co., Ltd., et al.*, No. 12-CV-3877 (LHK);
- *Technology Properties Ltd. v. Novatel Wireless, Inc.*, No. 12-CV-3879 (PJH);
- *Technology Properties Ltd. v. LG Electronics, Inc.*, No. 12-CV-3880 (SI);
- *Technology Properties Ltd. v. Nintendo Co., Ltd.*, No.12-CV-3881 (JSW).

**United States District Court**
For the Northern District of California

1   In that same order, Judge White referred the matter to the undersigned to determine if this case and

2   the case pending before him are related under Civil L.R. 3-12.[1]  Shortly thereafter, the undersigned

3   took action on the referral by setting a status conference, which is now scheduled for October 28,

4   2014.

5   　　　　After reviewing the parties' submissions on the issue, the court has concluded no

6   conference is required and that the issue may be decided on the papers.  Under Civil L.R. 3-12(a),

7   an "action is related to another when: (1) The actions concern substantially the same parties,

8   property, transaction or event; and (2) It appears likely that there will be an unduly burdensome

9   duplication of labor and expense or conflicting results if the cases are conducted before different

10   judges."[2]  A judge may sua sponte refer a case the judge believes is related "to the Judge assigned

11   to the earliest-filed case, requesting the Judge assigned to the earliest-filed case consider whether

12   the cases are related.  The parties must file any response in opposition to or support of relating the

13   cases pursuant to Civil L.R. 3-12(d)."[3]

14   　　　　"Upon . . . a referral by another Judge, after the time for filing support or opposition to the

15   Motion to Consider Whether Cases Should Be Related has passed, the Judge in this District who is

16   assigned to the earliest-filed case will decide if the cases are or are not related and will notify the

17   Clerk, who, in turn, will notify the parties."[4]  The judge assigned to the earliest-filed case must "act

---

[1] Judge White also noted this district's proposed amendment to Patent L.R. 2-1, which provides that "(a)(1) When actions concerning the same patent are filed within two years of each other by the same plaintiff, they will be deemed related . . . (6) If the lowest-numbered case is assigned to a magistrate judge to whom the parties have consented to preside over the action, the magistrate judge will retain that case even if consent is not entered in higher-numbered cases deemed related pursuant to subsection (1)."

[2] Civil L.R. 3-12(a).

[3] Civil L.R. 3-12(c).

[4] Civil L.R. 3-12(f).

Case Nos. 4:12-cv-03881-JSW; 5:08-cv-882-PSG
ORDER RELATING CASES

United States District Court
For the Northern District of California

on the motion or referral within 14 days after the date a response is due."[5]  "If any Judge decides that any of the cases are related, pursuant to the Assignment Plan, the Clerk shall reassign all related later-filed cases to that Judge and shall notify the parties and the affected Judges accordingly."[6]  "The case management conference in any reassigned case will be rescheduled by the newly assigned Judge."[7]

After the order of referral for purposes of determining the relationship and continuing the case management conference,[8] Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. filed their response.[9]  They do not oppose relating the actions.

All nine of these cases are plainly related.  The overlap in parties, patents and accused functionality make clear that the potential for conflict and undue duplication and expense is substantial.  In light of their relation, in the ordinary course, the cases would all be reassigned to the undersigned as low judge on the pole.  However, various parties have declined consent to magistrate judge jurisdiction, as is their right under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 72(a). The undersigned therefore orders all eight follow-on cases assigned to Judge Vince Chhabria pursuant to Civil L.R. 3-12(f)(3), the judge assigned to the related case next on the list.  The Clerk shall notify the parties and the affected judges accordingly.

With the parties' consent to magistrate judge jurisdiction secured long ago, the undersigned will continue to preside over *HTC Corp. v. Technology Properties, Ltd.* (PSG).

---

[5] Civil L.R. 3-12(f)(1).

[6] Civil L.R. 3-12(f)(3).

[7] Civil L.R. 3-12(g).

[8] *See* Case No. 4:12-cv-03881-JSW, Docket No. 35.

[9] *See* Case No. 5:08-cv-00882-PSG, Docket No. 753 at 1.

Case Nos. 4:12-cv-03881-JSW; 5:08-cv-882-PSG
ORDER RELATING CASES

**SO ORDERED.**

Dated: October 15, 2014

PAUL S. GREWAL
United States Magistrate Judge

4

United States District Court
For the Northern District of California