Barry Bumgardner
direct  817.377.3494
barry@nelbum.com

July 9, 2015

**VIA ECF**
Magistrate Judge Paul Singh Grewal
San Jose Courthouse, Courtroom 5- 4th Floor
280 South 1st Street
San Jose, California 95113

> Re: *PDS, TPL, and Patriot Scientific vs. Samsung (Case No. 3:12-cv-03877-VC), LG (Case No. 3:12-cv-03880-VC), Nintendo (Case No. 3:12-cv-03881-VC), Barnes & Noble (Case No. 3:12-cv-03863-VC), ZTE (Case No. 3:12-cv-03876-VC), Garmin (Case No. 3:12-cv-03870-VC* and *Huawei (Case No. 3:12-cv-03865-VC)*

Dear Judge Grewal,

Enclosed are Plaintiffs' proposed revisions to the current case schedule.  In summary, Plaintiffs' schedule extends the current fact discovery and expert discovery cut-offs, but, at the same time, accelerates the claim construction hearing date (to accommodate Defendants' requested modifications to the current schedule).  Plaintiffs are mindful of Your Honor's desire to "package up" this case for Judge Chhabria as promptly as possible.  Plaintiffs' schedule achieves this objective, and has the current cases ready for a summary judgment hearing in 17 months (as measured from when the stay was lifted on November 18, 2014, to Plaintiff's proposed summary judgement hearing date of April 15, 2016).  Plaintiffs request the current schedule be revised as described below because the assumptions it had when agreeing to the current, highly-compressed schedule, are no longer true.  Instead of these lawsuits being a continuation of a previous ITC proceeding that involved all of the parties to the current disputes, these lawsuits have taken on the characteristics of a typical patent infringement lawsuit that was never previously litigated.  Given this fact, Plaintiffs respectfully submit that the schedule be adjusted to something more fitting of a typical patent infringement suit.

As background, at the June 30 hearing of Plaintiffs', LG's, and Samsung's various motions to compel discovery and strike infringement contentions, LG's counsel and I raised issues related to different aspects of the current case schedule.  LG's counsel discussed moving the claim construction hearing forward in time so that the parties' experts would have the benefit of drafting their reports with knowledge of the Court's claim constructions.  I voiced concern about the current fact discovery cut-off date.  The Court directed the parties to meet and confer to see if the parties could submit an agreed-to schedule.  In the event that an agreement could not be reached, the Court directed the parties to file short letters with a proposed schedule.  Unfortunately, the parties were not able to reach an agreement.

Specifically, Plaintiffs and Defendants exchanged proposed schedules.  Defendants' schedule provides for no extension of the fact discovery cut-off, whereas Plaintiffs have accommodated Defendants by agreeing to accelerate the Claim Construction hearing by five months.  During the meet and confer process, Plaintiffs offered to further shorten some of the time periods presented below and

Barry Bumgardner
direct  817.377.3494
barry@nelbum.com

sent Defendants a draft schedule reflecting Plaintiffs' offer to compromise.  Defendants stubbornly stuck to the current discovery schedule, offering, at best, a two week extension of the fact discovery period.

Several events have transpired to cause the current lawsuits to more closely track a typical patent dispute.  First, Plaintiffs' counsel that prosecuted the ITC proceedings was forced to withdraw from these cases.  The reasons for prior counsel's withdrawal was out of the control of Plaintiffs.  It has taken PDS's new counsel time to come up to speed on all of the events that transpired in the ITC proceedings (as well as prior district court cases), and this has delayed Plaintiffs' prosecution of the lawsuits.

Second, most of the Defendants have taken the position that Plaintiffs' infringement contentions are deficient and have refused to produce documents to varying degrees.  The resolution of these issues has taken months and delayed discovery.  For example, Samsung and LG are only now producing sales and technical information for some limited set of products.

In addition, Defendants (except for Barnes & Noble) introduced additional delay by dragging their feet in agreeing to a cross-use agreement that would have allowed Plaintiffs to use the discovery produced in the ITC proceeding in the current cases.   Due to Defendants' delay, Plaintiffs' prior counsel had no choice other than to destroy documents in its possession that contained the confidential business information of third parties (including that of Defendants), pursuant to the terms of the ITC protective order.  As is typical, Defendants had labeled almost all of their production as containing confidential business information – meaning that a significant portion of Defendants' ITC document production was destroyed.  Naturally, Plaintiffs have asked for all of these documents to be reproduced in the current cases, but, as of today, Plaintiffs only have a portion of the original production.

Finally, there are the myriad of situations that cause matters to last longer than they need to.  For example, Plaintiffs have been seeking dates for 30(b)(1) depositions from various Defendants since May.  Nintendo stated that the earliest its witness would be available for a full day deposition would be August 24, which is 15 days before the current fact discovery cut-off.  In the case of LG, Plaintiffs sent it a 30(b)(1) deposition notice on May 18 for a witness listed on LG's initial disclosures.  In response, it has taken LG until yesterday, July 8, to propose some "possible" dates for the deposition in August.  Other scheduling issues remain with the other Defendants.  Defendants have also refused to produce an unknown number of documents that they claim contain the confidential information of third parties, stating that they are waiting for consent from the third parties, even though Defendants have known about these documents for months.  As of today, no anticipated date for the production of these documents has been given by Defendants.  Other items could be added to this list, but the picture is clear: these lawsuits are not proceeding according to the very compressed timelines envisioned by Plaintiffs at the outset (*i.e.*, a ten month fact discovery period).

Adding time to the schedule is in the interest of everyone.  Some of the issues listed above are unfortunately common, but, with time, typically work themselves out without the need for court intervention.  Depositions eventually get scheduled and documents are ultimately produced.  At present, Plaintiffs are in a position of having to "force" issues like the ones listed above by seeking judicial intervention or be accused of waiving their rights to the documents and depositions that most everyone, including Defendants, would agree are within Plaintiffs' rights to obtain.  Filing motions on issues that

nelson bumgardner

Barry Bumgardner
direct  817.377.3494
barry@nelbum.com

are likely resolvable given some additional time is a waste of everyone's efforts and money and simply doesn't make sense.

In light of the foregoing, Plaintiffs propose the following schedule. The proposal moves up the claim construction hearing to before the expert reporting period, to the date requested by Defendants, in order to address Defendants' (and Plaintiffs') concern of preparing expert reports without a claim construction order. It pushes out the fact discovery cut-off 2.5 months to allow Plaintiffs (and Defendants) time to obtain the discovery they are entitled to without having to overly rush the process. The schedule also takes some slack out of the expert discovery process and results in the summary judgement hearing being held on April 15, 2016, approximately two months later than the current schedule. Plaintiffs respectfully submit that the addition of two months to the current schedule still constitutes the prompt prosecution of a significant patent lawsuit and achieves the stated goals of handing Judge Chhabria a well-packaged lawsuit in a timely and efficient manner. Accordingly, Plaintiffs ask that the Court revise the schedule as set forth below.

| Event | Current Due Date | New Due Date |
| --- | --- | --- |
| Completion of claim construction discovery | July 21, 2015 | July 21, 2015 |
| Opening claim construction brief | August 4, 2015 | August 4, 2015 |
| Responsive claim construction brief | August 18, 2015 | August 18, 2015 |
| Reply claim construction brief | August 25, 2015 | August 25, 2015 |
| Fact discovery cut-off | September 8, 2015 | December 18, 2015 |
| Technology Tutorial and Claim Construction Hearing | February 20 and 27, 2016 | September 18, 2015 |
| Opening expert reports due | October 6, 2015 | January 22, 2016 |
| Rebuttal expert reports due | November 5, 2015 | February 19, 2016 |
| Close of expert discovery | December 3, 2015 | March 4, 2016 |
| Last day to file summary judgment motions | January 15, 2016 | March 15, 2016 |
| Summary Judgment hearing | February 27, 2016 | April 15, 2016 |

With My Regards,

*/s/ Barry J. Bumgardner*

Barry J. Bumgardner