

July 9, 2015

Fish & Richardson P.C.
1221 McKinney Street, Suite 2800
Houston, TX 77010
713 654 5300 main
713 652 0109 fax

Honorable Paul S. Grewal
United States Magistrate Judge
Robert F. Peckham Federal Bldg.
280 South 1st Street
San Jose, CA 95113

**Wasif Qureshi**
Principal
Qureshi@fr.com
713 654-5333

Re: Proposed Schedule Changes in: *Technology Properties Ltd., et al. v. Barnes & Noble, Inc.* (No. 3:12-cv-03863), *Huawei Tech. Co., Ltd., et al* (No. 2:12-cv-03865), *Garmin Ltd. et al* (No. 3:12-cv-03870), *ZTE Corporation et al* (No. 3:12-cv-03876), *Samsung Elec. Co. et al* (No. 3:12-cv-03877), *LG Electronics, Inc. et al* (No. 3:12-cv-03880), *Nintendo Co., Ltd. et al* (No. 3:12-cv-03881)

Dear Judge Grewal:

Before the Court are the parties' competing proposals for modifying the case schedule. Both proposals agree to move the *Markman* hearing to September 18, 2015, prior to expert reports and dispositive motions, but then sharply diverge. Defendants' proposal does not seek to modify fact discovery and proposes only a slight push in expert discovery to accommodate the September 18 *Markman* hearing. Mindful of the Court's desire to keep these cases moving along quickly, Defendants' proposal does not change the dispositive motion schedule or the timing of the presentation of these cases to Judge Chhabria for trial.

On the other hand, Plaintiffs seek to push back fact discovery by three months and the overall schedule by two months. Plaintiffs' request comes almost eight months after the CMC, less than two months before fact discovery close, and as a result of having failed to diligently prosecute their own claims. For reasons detailed below, Plaintiffs' attempt to now delay these cases should be rejected.

The parties' competing proposed schedules are set forth in the table below:

| Event | Current Date[1] | Defendants' Proposed Date | Plaintiffs' Proposed Date |
|---|---|---|---|
| Complete Claim Construction Discovery | July 21, 2015 | July 21, 2015 | July 21, 2015 |
| Opening Claim Construction Brief | August 4, 2015 | August 4, 2015 (simultaneous opening briefs) | August 4, 2015 |
| Responsive Claim Construction Brief | August 18, 2015 | August 18, 2015 (simultaneous responsive briefs) | August 18, 2015 |

---

[1] The current schedule is a result of a February 11, 2015 order extending the original schedule issued on November 20, 2014.

fr.com



| Event | Current Date[1] | Defendants' Proposed Date | Plaintiffs' Proposed Date |
|---|---|---|---|
| Reply Claim Construction Brief | August 25, 2015 | None | August 25, 2015 |
| Fact Discovery Cut-off | September 8, 2015 | September 8, 2015 | December 18, 2015 |
| Technology Tutorial and *Markman* Hearing | February 19, 2016 February 26, 2016 | September 18, 2015 | September 18, 2015 |
| Opening Expert Reports Due | October 6, 2015 | October 23, 2015 | January 22, 2016 |
| Rebuttal Expert Reports Due | November 5, 2015 | November 20, 2015 | February 19, 2016 |
| Close of Expert Discovery | December 3, 2015 | December 18, 2015 | March 4, 2016 |
| Last Day to File Summary Judgment Motions | January 15, 2016 | January 15, 2016 | March 15, 2016 |
| Summary Judgment Hearing | February 26, 2016 | February 26, 2016 | April 15, 2016 |

### I.  September 18, 2015 *Markman* Hearing

For the reasons discussed at the June 30, 2015 hearing, Defendants propose to move the *Markman* hearing earlier to September 18, 2015. Plaintiffs have agreed to this change. The proposed change is warranted because this Court no longer has to wait for a ruling by the Federal Circuit in *HTC v. TPL* (Case No. 5:08-cv-00882) – that case has settled. The proposed change will also avoid inefficiencies of conducting expert discovery and pre-trial/MSJ proceedings under different sets of claim constructions.

Defendants' proposal also provides for two rounds of simultaneous claim constructions briefs, instead of three rounds of one-sided briefing. This allows each side to respond to the other's arguments, but streamlines the process by eliminating the reply brief. This affords the Court a full month to consider the briefing before the *Markman* hearing. Defendants ask the Court to adopt their proposed claim construction briefing schedule.

### II.  Plaintiffs' Proposal to Delay the Case Should Be Denied

"A scheduling order 'is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril.'" *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610-611 (9th Cir. 1992). "The district court's decision to honor the terms of its binding scheduling order does not simply exalt procedural technicalities over the merits of [Plaintiffs'] case. Disregard of the order would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier." *Id.* at 610.

To change the Court's scheduling order, Plaintiffs must show good cause. Fed. R. Civ. P. 16(b)(4) ("[a] schedule may be modified only for good cause and with the judge's consent."); *Johnson*, 975 F.2d at 609. "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment" and unless such diligence is shown, the "inquiry should end." *Id.; see also Bolbol v. Feld Entm't,* 2012 WL 5828608, at *5 (N.D. Cal. Nov. 15, 2012); *Weaver v. City of*



*Santa Clara*, 2014 WL 93121, at *2 (N.D. Cal. Jan. 6, 2014) (lack of prejudice to the opposing party is irrelevant).

Plaintiffs cannot show good cause for an extension of the schedule in this case. Plaintiffs' request for more time is premised on their own failure to prosecute their cases with reasonable diligence. This is not good cause. Plaintiffs' attorneys have asserted the patents-in-suit in numerous cases and forums, and represented by numerous experienced and able counsel.

Plaintiffs seek more time even though these cases are over three years old and Plaintiffs told the Court at the June 30 hearing that they expected these cases to be a mere "replay" of the '853 ITC Investigation. In reality, Plaintiffs have been well aware that these cases involve two additional patents – the '749 and '890 patents – that were not at issue in the ITC and claim different subject matter from that claimed in the ITC litigated '336 Patent (but which Plaintiffs have asserted in other cases).

Despite having known the full scope of these cases since filing, Plaintiffs have failed to prosecute them:

- On January 20, 2015, Plaintiffs served infringement contentions that were universally deficient. Since then, Plaintiffs have made no effort to rectify those shortcomings even after Defendants specifically identified deficiencies back in February.

- Plaintiffs waited for over 6 months after the CMC and over 4 months after their infringement contentions to serve subpoenas to the third-party manufacturers of the accused processors - key technical discovery if Plaintiffs wish to prove their cases.

- To date, Plaintiffs have not served a subpoena or cross-noticed Defendants' subpoena to ARM Inc. – the designer of the CPU cores and instruction sets used in the vast majority of accused processors.

- To date, Plaintiffs have not noticed a single Rule 30(b)(6) deposition of any Defendant, and have noticed only a single technical witness among all of the Defendants in these cases.

- Plaintiffs did not disclose their technical expert until days ago, on July 6 – meaning that, to date, Plaintiffs have not conducted any expert review or analysis of Defendants' produced confidential technical information.

Although Plaintiffs' lack of diligence alone warrants denial of any extension, their proposed schedule also unfairly prejudices Defendants by forcing Defendants to spend months of additional time and money on litigation before reaching resolution via dispositive motions and trial.

Accordingly, Defendants respectfully request that the Court enter Defendants' proposed schedule.

Sincerely,

*WKeshi*

Wasif Qureshi